## Silverman v. Walters

*R. Herbert Buchman*, for plaintiff.
*Crum & Crum*, for defendant.

KEIM, J., October 19, 1966.—This matter comes before this court on preliminary objections in the nature of a demurrer filed by defendant alleging to the effect that plaintiff, in a complaint in assumpsit, has not set forth the cause of action for which relief can be granted.

Plaintiff bases his action in assumpsit upon a written fee agreement wherein defendant and her husband, now deceased, had agreed to pay plaintiff a commission of five percent of the stipulated sales price on certain real estate which defendants were desirous of selling. In return for a five percent fee or commission, plaintiff was obligated to secure a buyer for the properties, prepare agreements of sale for same and handle the closing of the sale. Thereafter, plaintiff received and paid over to defendant and her husband the sum of $500 down money from a willing purchaser for a price agreed upon between the parties. After receiving the hand money, defendants then rescinded their agreement with the prospective purchaser and failed to consummate the sale. Said commission or fee which plaintiff should have received under the terms of the agreement amounted to $1,700. Defendants paid the sum of $100 to plaintiff and have since refused to pay the balance, asserting that the reading of paragraph three of the agreement discloses that there is no obligation on the seller's part until there has been a sale consummated.

The sole issue before the court is the interpretation of the written instrument attached as an exhibit in the complaint, namely, whether or not plaintiff is entitled to his commission if, as alleged in the Complaint, he finds a willing buyer and performs all his duties; however, the sale is never consummated because the sellers rescinded their agreement.

It is, naturally, defendant's contention that paragraph three of the agreement relieves her of any obligation to pay a commission, inasmuch as no sale was consummated. In reading paragraph three alone, this court would agree with this contention, as it reads as follows:

"There shall be no obligation whatsoever on the part of said Clients, Freeman W. and Violet E. Walters, his wife, for payment of any legal fees if no sale and agreement of Sale are consummated on said properties, fixtures and equipment, etc., by said Attorney at law, Saul V. Silverman".

A full reading of the agreement between the parties certainly reveals that the intent was to relieve defendants of any responsibility of paying a commission when, through no fault of their own, a sale of the property is not consummated. This court believes that paragraph four covers the condition wherein the sellers, or clients as they are referred to in the agreement, are solely responsible for the obstruction of the transaction.

This court agrees with the law set forth by defendants in their brief, which cites a number of appellate court cases holding that all conditions precedent must be fulfilled in order for the parties in an agreement to incur legal responsibility. The court does not feel, however, that paragraph three is a condition which must be fulfilled before there is a right to immediate performance and before usual judicial remedies are available. It is the general law in this Commonwealth,

as well as in most jurisdictions, that if an act or an event mentioned in a contract is not expressly made a condition precedent, it will not be construed as such unless it clearly appears that the parties intended such a construction: Britex Waste Company, Ltd. v. Nathan Schwab & Sons, Inc., 139 Pa. Superior Ct. 474 (1939), 12 A. 2d 473.

It is also fundamental law that the court, in determining whether a condition exists, either expressed or implied, within the terms of an integrated agreement, must look to the intent of the parties by reading the contract as a whole. Clearly, the intent of the parties is spelled out in paragraph 4 of the agreement, which reads as follows:

"Said clients agree to pay unto said attorney at law, his heirs or assigns, legal fees of five per cent of the sale price of thirty-eight thousand ($38,000.00) Dollars, namely Nineteen Hundred ($1,900.00) Dollars in the following manner:

"One Hundred ($100.00) Dollars upon the execution of an agreement of sale on the above noted terms and the balance of Eighteen Hundred ($1,800.00) Dollars upon closing and delivery of deed of title on or before May 1st, 1961. Any abrogations or failures to conclude said sale of said properties, fixtures and equipment, due to the fault or failure of the clients to fulfill the terms of the executed agreements of sale and delivery of Deed of Title shall not relieve them of their obligation to pay the said Attorney at law, his heirs and assigns, the total legal fees of Nineteen Hundred ($1,900.00) Dollars. By mutual agreement, the fees are hereby reduced $200.00".

Under defendant's interpretation of the agreement, and particularly paragraphs three and four, the meanings are in direct conflict with each other, and regardless of paragraph four, defendants were not obligated to pay any fees or commissions until the sale was con-

summated. With this the court cannot agree and must give a reasonable interpretation to the language of the whole agreement, keeping in mind the intent of the parties at the time of the execution of same. The court feels that had plaintiff not used his effort in producing a bona fide purchaser for the properties, this situation would be covered in paragraph three. Keeping in mind that the court must accept as true all those facts well pleaded in deciding a motion in the form of a demurrer, it is felt that the real intent of the parties was specifically spelled out in the fourth paragraph of the agreement, and that under the agreement, plaintiff has pleaded a cause of action upon which relief may be granted, and the preliminary objections should be denied.

### ORDER

And now, to wit, October 19, 1966, for reasons set forth in the above opinion, the preliminary objections filed in the above case are hereby denied, and the prothonotary is directed to appoint arbitrators in accordance with the local rules of court.